UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. BRADLEY,

    Plaintiff,

v.

STATE OF MICHIGAN, WAYNE COUNTY, and JAMES A. CALLAHAN,

    Defendants.

Case No. 23-10620
Honorable Laurie J. Michelson

## ORDER GRANTING BRADLEY'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND SUMMARILY DISMISSING COMPLAINT

Ronald D. Bradley brings this pro se action against the State of Michigan, Wayne County, and Judge James A. Callahan for violations of his federal statutory and constitutional rights. One set of claims pertains to Bradley's state criminal process, where he alleges he was arraigned without a warrant, sentenced outside of his guidelines range for retaliatory purposes, not released despite posting bail, and not processed in accordance with his speedy trial rights. And the other set of claims pertains to the conditions of Bradley's incarceration, which included being housed in freezing temperatures in the winter and sweltering temperatures in the summer and being subject to high levels of noise. Bradley asks for $200 million in damages.

Because the State of Michigan and Judge Callahan are immune from suit, and Bradley has not plausibly pled a *Monell* claim against Wayne County, the Court will dismiss his complaint.

## I.

Along with his complaint, Bradley filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that he cannot pay such fees. Bradley states that he has no current income and limited savings. (*Id.*) The Court finds that he is thus entitled to proceed in forma pauperis and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility to screen the complaint and decide whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is

"a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III.

Bradley states he brings claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and under various federal criminal laws. (*See* ECF No. 4, PageID.52 (citing statutes from Title 18 of the U.S. Code, which is the federal criminal code).)

The Court starts by dismissing any claims arising out of the United States criminal code. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). In addition, none of the cited criminal statutes provide a private cause of action in a civil case. *See Vick v. Core Civic*, 329 F. Supp. 3d 426, 454 (M.D. Tenn. 2018) (no private cause of action under 18 U.S.C. § 241); *U.S. v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right

of action under 18 U.S.C. § 242); *Citi Mortg., Inc. v. Hubbard*, No. 13-144, 2014 WL 1303706, at *15 (D. Minn. Mar. 31, 2014) (no private right of action under 18 U.S.C. § 505); *Monroe v. McNairy Cnty., Tenn.*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012) (no private right of action under 18 U.S.C. § 1201). This makes sense, as courts are "quite reluctant to infer a private right of action from a criminal prohibition alone[.]" S*ee Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994).

Bradley also lists a claim under 47 U.S.C. § 1001. But that section merely provides definitions for a chapter of Title 47, which pertains to telecommunications. So it does not provide any claim for relief.

Thus, the Court will focus on Bradley's claims under 42 U.S.C. § 1983. The Court notes that, on the face of the complaint, Bradley's claims appear to be barred by the three-year statute of limitations that applies to § 1983 claims. *See* (ECF No. 4, PageID.54 (describing events that happened in 2006, 2007, and 2009)); *Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)). Regardless, the Court will go on to analyze Bradley's claims by named defendant.

### A. State of Michigan

Bradley's suit for money damages against the State of Michigan is barred by sovereign immunity provided by the Eleventh Amendment.

With limited exception, the Eleventh Amendment prohibits "a suit in which the State or one of its agencies or departments is named as the defendant[.]" *Studstill*

4

*El v. Michigan Dep't of State*, 691 F. App'x 820, 822 (6th Cir. 2017) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984)). While a state may waive this immunity or Congress may expressly abrogate states' immunity, "[i]t is well established that § 1983 does not abrogate the Eleventh Amendment and that Michigan has not consented to the filing of civil rights suits against it in federal court." *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013)). Sovereign immunity also does not apply to suits under *Ex Parte Young*, which seek forward-looking relief to prevent future federal violations. *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). But here, Bradley only asks for money damages for past events. (ECF No. 4, PageID.56.)

So Bradley's claims against the State of Michigan will be dismissed.

### B. James Callahan

Bradley's suit against Judge James Callahan, who sat on the Wayne County Circuit Court, is also barred by immunity.

"It is a well-settled principle in our system of jurisprudence that judges are generally absolutely immune from civil actions for money damages." *Cunningham v. Dep't of Children's Servs.*, 842 F. App'x 959, 964 (6th Cir. 2021) (citing *Bright v. Gallia Cnty.*, 753 F.3d 639, 648 (6th Cir. 2014)). There are two exceptions to this rule. A judge may be sued (1) for actions not taken in the judge's judicial capacity or (2) for actions taken in the complete absence of jurisdiction. However, a complete absence of jurisdiction does not include actions that were taken in error, done maliciously, or taken in excess of the judge's authority. *Id.* "[R]ather, [a judge] will be subject to

5

liability only when [he] has acted in the clear absence of all jurisdiction." *Id.* (quoting *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012)).

Neither exception applies to Bradley's claims. He complains that he was arraigned without a warrant, sentenced outside of his guidelines range in retaliation for a prior civil lawsuit brought on his behalf, not released despite posting bail, and denied speedy trial rights. (ECF No. 4, PageID.54.) All of these functions—arraignment, sentencing, release, and scheduling proceedings—are exercised as part of a judge's judicial capacity. And there is no indication that Judge Callahan acted "in the clear absence of all jurisdiction" when conducting Bradley's criminal proceedings. *See Cunningham*, 842 F. App'x at 964.

So Judge Callahan will also be dismissed from the case.

### C. Wayne County

That leaves Bradley's claims against Wayne County.

To plead a claim against a municipality under § 1983, a plaintiff must allege that a "policy or custom of that government caused the injury in question." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). This can be done in four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.*

6

Bradley's allegations, however, are not tied to Wayne County's actions at all. He states that during his incarceration, he documented "campaigns of torture" that lasted 24 hours a day. (ECF No. 4, PageID.54.) These campaigns included leaving windows open in cells during the winter[1], which led to extremely low temperatures; high levels of noise to the point where Bradley "could not hear [him]self think[;]" and being placed in an extremely hot cell in the summer with no clean drinking water. (ECF No. 4, PageID.54–55.) These allegations do not amount to stating there was an official policy to keep windows open in the winter, for example, nor do they describe enough instances where they show a "custom of intolerance or acquiescence of federal rights violations." *See Lipman*, 974 F.3d at 747. And without such allegations, Bradley essentially seeks to sue Wayne County "based on the acts of its employees alone," which is expressly prohibited under *Monell*. *See id.*

It is also not clear that Wayne County controls or governs the prison where Bradley was incarcerated. Bradley does not allege where he was incarcerated, but court documents from other cases (which Bradley submitted here) indicate he was incarcerated at the Alger Maximum Correctional Facility. (*See* ECF No. 5, PageID.65.) Alger Maximum is located in Munising, Michigan—far from Wayne County—and is operated by the Michigan Department of Corrections. Prisons, Michigan Department of Corrections, https://perma.cc/LAZ8-KX79 (listing Alger

---

[1] Bradley states that the freezing temperatures were in part related to being located in the Upper Peninsula. (ECF No. 4, PageID.54.) But Wayne County is not located in the Upper Peninsula, so it is unclear it is the proper defendant for this claim.

7

Correctional Facility as a prison under MDOC's control). And even if Bradley wished to sue the MDOC instead of Wayne County, any claims against it would be barred by sovereign immunity. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (explaining that MDOC is immune from § 1983 suits under the Eleventh Amendment and is not a "person" subject to suit under § 1983) (collecting cases).

And to the extent Bradley seeks to hold Wayne County liable for Judge Callahan's actions, such claims also do not pass muster under *Monell*. *See Lipman*, 974 F.3d at 747.

So the Court also dismisses Wayne County for Bradley's failure to sufficiently allege a *Monell* claim.

### IV.

In sum, Bradley's claims against the State of Michigan and Judge Callahan are dismissed because both parties are immune from a claim for money damages, and his claim against Wayne County is dismissed for failure to plead a claim under *Monell*.

Accordingly, the Court GRANTS Bradley's motion to proceed in forma pauperis (ECF No. 2) and DIMISSES his complaint (ECF No. 1, 4).

SO ORDERED.

Dated: May 17, 2023  s/Laurie J. Michelson
 Ann Arbor, Michigan  LAURIE J. MICHELSON
  United States District Judge

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2023.

                                                        s/William Barkholz in place of
                                                        Erica Parkin
                                                        Case Manager